MICHAEL S. BRILL, D.B.A. HOME INDEX, APPELLANT, *v.* STATE OF NEVADA REAL ESTATE DIVISION OF THE DEPARTMENT OF COMMERCE, RESPONDENT.

No. 11367

December 20, 1979                              604 P.2d 113

---

*David Hamilton,* of Reno, for Appellant.

*Richard H. Bryan,* Attorney General, and *Robert C. Herman,* Deputy Attorney General, for Respondent.

## OPINION

By the Court, Thompson, J.:

This action was commenced by the Real Estate Division of the Department of Commerce to enjoin Michael Brill, d.b.a. Home Index, from engaging in the real estate business without a license. At issue is whether his business falls within the sweep of the licensing provisions of Chapter 645 NRS. The district court ruled that it does, and ordered a permanent injunction. This appeal followed. For reasons hereafter expressed, we affirm.

Mr. Brill, appellant, d.b.a. Home Index, operated a business in Reno, Nevada. Through newspaper advertisements and personal inquiries of landlords, Mr. Brill compiled a notebook listing available rental properties in the Reno area. Interested renters were attracted to Home Index by its newspaper advertisements. Customers paid a fee of $25, completed a form to

indicate their rental needs, and were allowed to peruse the notebook listings previously compiled by Home Index. Further pursuit of the listed properties was left up to the customer. The customer was given an identification number which allowed him to utilize the service for four months. During that time period, the customer could return to Home Index in person or simply call a phone service to ascertain whether or not any new rentals meeting his needs had been received by Home Index. Mr. Brill is not a licensed real estate broker.

1. Relevant statute provides that one who receives or charges an advance fee is a real estate broker.[1] An advance fee is defined as a fee charged or received for an advance fee listing issued for the purpose of promoting the lease of business opportunities or real estate. NRS 645.002. Finally, NRS 645.004(1) specifically provides that an advance fee listing includes a list of the locations of property offered for rent or lease.

Since Michael Brill charged $25 in advance for access to a list of the locations of available rentals, the district court found his activities to fall within the referenced statutes and to be the activities of a real estate broker subject to licensing procedures.

It is Brill's appellate contention that "advance fee" provisions are intended only to embrace advance fees collected from property owners and do not reach his activities. This contention is refuted by a mere reference to the preamble of the enactment which specifically mentions representations made to owners, lessees, or *renters* of property. Stats. Nev. 1957, ch. 147. Moreover, the preamble declares the legislative purpose to protect not only property owners but, as well, the general public, and to subject the advance fee business to regulation and to limit those who engage in it to persons of proven honesty and integrity by requiring that they be licensed. Stats. Nev. 1957, ch. 147. Since the intent of the statute is to protect the public from unscrupulous and unqualified persons, it should receive a liberal construction. Whitaker v. Arizona Real Estate Board,

[1]NRS 645.030(1)(b) provides in pertinent part:

"1.  Within the meaning of this chapter, a 'real estate broker' is any person, copartnership, association or corporation:

(b) Who engages in or offers to engage in the business of claiming, demanding, charging, receiving, collecting or contracting for the collection of an advance fee in connection with any employment undertaken to promote the sale or lease of business opportunities or real estate by advance fee listing advertising or other offerings to sell, lease, exchange or rent property."

548 P.2d 841 (Ariz.App. 1976). The district court did not err in ruling that the advance fee business of Brill is within Chapter 645 NRS.

2. The application of NRS 645.002, 645.004 and 645.030(1)(b) to Brill's business is asserted to be violative of due process and equal protection. In a similar context the same argument was advanced and rejected by this court. Gaessler v. Sheriff, 95 Nev. 267, 592 P.2d 955 (1979).

The requirement that those who solicit renters for an advance fee be licensed serves a legitimate public purpose. The legislature had found that such renters had been deceived and defrauded by such promoters. Stats. Nev. 1957, ch. 147. Licensing is calculated to minimize such abuse and is rationally related to such purpose. Gaessler.

Affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.